IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED

NOV 2 1 2003

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

PLAINTIFF,

MELEAH JENSEN,

    v.

DEFENDANT,

LOUISIANA STATE UNIVERSITY.

CV No. *03-884-B-M3*

JURY DEMAND

---

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Plaintiff Meleah Jensen, by and through her attorney, Scott C. LaBarre, states the following Complaint against Defendant:

### NATURE OF THE ACTION

1.    This is an action under Title I of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973  (ADA), Title I of the Civil Rights Act of 1991, on the basis of disability and to provide appropriate relief to Meleah Jensen who was adversely affected by such unlawful practices.  Plaintiff alleges that Defendant Louisiana State University failed to provide equal employment opportunities, with or without reasonable accommodations because of her disability, legal blindness.  Plaintiff is a qualified individual with a disability as defined under the ADA and Section 504.

| INITIALS | DOCKET# |
|----------|---------|
|  | 1 |

JS - *Summons*

## JURISDICTION AND VENUE

2.      This action is authorized and instituted pursuant to Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794, and Section 107(a) of the ADA of 1990, 42

U.S.C. Sec. 12117(a), which incorporates by reference Section 706(f)(1) and (4) of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5(f)(1).  Therefore, this Court

has federal subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331.

4.      All acts complained of herein occurred in Baton Rough, Louisiana, and Defendant

is an educational institution which attracts students throughout the United States and from

the State of Louisiana.  Plaintiff resides in the State of Louisiana.  As a result, venue is

proper in this Court, 28 U.S.C. Sec. 1391.

5.      Prior to filing and serving this complaint and jury demand, Plaintiff timely

submitted a proper charge of employment discrimination to the EEOC on August 22,

2003. The EEOC then issued a right to sue which Plaintiff received on August 25, 2003.

Plaintiff has filed this action within 90 days of receipt of the right to sue letter and all

conditions precedent to this action have been met.


## IDENTIFICATION OF THE PARTIES

6.      Plaintiff is currently a resident of Baton Rouge, Louisiana.  Plaintiff is an

individual with a disability by virtue of her legal blindness.

7.      At all times relevant hereto, Defendant, Louisiana State University, has operated a

University in Baton Rouge, Louisiana and has continuously employer at least five

hundred full time employees.  Therefore, Defendant is a covered entity under the ADA.

8.      At all relevant times hereto, Defendant has continuously has been an employer

engaged in an industry affecting commerce as defined under Section 101(5) of the ADA,

42 U.S.C. Sec. 12111(5), and Section 101(7) of the ADA, 42 U.S.C. Sec. 12111(7),

which incorporates by reference  Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g)

and (H). Defendant receives federal financial assistance and is subject to Section 504 of

the Rehabilitation Act

## FACTS RELEVANT TO PLAINTIFF'S CLAIMS FOR RELIEF

9.      Plaintiff is an individual with a disability by virtue of her legal blindness.

Plaintiff Meleah Jensen's visual impairment substantially limits her in the major life

activity of seeing.

10.     Defendant operates a university in Baton Rouge, Louisiana.  Defendant is

engaged in the business of higher education.  Defendant employs people in various

capacities such as Resident Assistants to create a positive community experience for the

residents of the resident halls.

11.     Plaintiff applied for work as a Resident Assistant with Defendant in on March 5,

2003.  At the time of her application, Plaintiff Meleah Jensen informed Defendant of her

legal blindness.  Defendant hired Plaintiff in March 2003 for the position of Resident

Assistant for the 2003-2004 school year.

12.     While on Summer Vacation Plaintiff received a letter dated July 15, 2003 from

Jennifer Dooles Norman in Defendant's Human Resources Management department

asking plaintiff to have her physician complete a Condition of Continued Employment

Statement. Attached to said letter was the Resident Assistant job description.

13.    Plaintiff misplaced and called the Human Resources Department for a copy of Resident Assistant job description and Condition of Continued Employment Statement. The Human Resources Department re-sent her another Condition of Continued Employment Statement and a new job description that had been written on July 14, 2003.

14.    Defendant did not require Plaintiff's physician to complete the Condition of Continued Employment statement before being hired as a Resident Assistant for the 2003/2004 school year.

15.    Plaintiff moved into the Resident hall and attended a Resident Assistant training meeting on the August 6, 2003 as stipulated in her employment contract. Additionally, that morning Plaintiff met with Jennifer Dooles Norman of Human Resources Management, Todd Clark, of Residential life, and the Director of Disability Services where possible accommodations were discussed.

16.    Plaintiff on August 7, 2003 Todd Clark, Associate Director of Resident Life, was informed that Defendant believed she could not perform the essential job functions of a Resident Assistant and was demoted to an Office Assistant.

17.    At all times relevant to this action, Plaintiff performed the essential functions of her position as a Resident Assistant in training with or without reasonable accommodations.

18.    As a direct and proximate result of Defendant's conduct as described herein, Plaintiff Jensen has been severely harmed in that among other things, she has experienced and will continue to experience significant pecuniary losses including lost pay and benefits, lost earning capacity, mental anguish and emotional distress (as manifested by a variety of objective physical and emotional symptoms) and the loss of enjoyment of life.

## PLAINTIFF'S CLAIMS FOR RELIEF

## INTENTIONAL VIOLATIONS OF THE ADA

19.     Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 18 above.

20.     Plaintiff is a qualified individual with a disability and is able to perform the essential functions of her former position as a Resident Assistant at Defendant with or without reasonable accommodations.

21.     Defendant demoted Plaintiff based on allegations that Plaintiff could not perform her job duties due to her disability.  When Plaintiff was hired in March of 2003 Defendant did not state that she could not fulfill the job duties of a Resident Assistant due to her disability.

22.     Consequently, Defendant violated its duty under Title I of the ADA to provide equal employment opportunity to Plaintiff.  Specifically, Defendant's employment actions were unlawfully based on Plaintiff's disability, legal blindness.  Defendant both failed to demonstrate that Plaintiff's could not successfully perform the essential job functions of a Resident Assistant and failed to reasonably explore and correspondingly provide reasonable accommodations to Plaintiff.  Such actions are in direct contravention to Title I of the ADA and are unlawful.

## INTENTIONAL VIOLATIONS OF THE REHBILITATION ACT

23.     Plaintiff incorporates by reference the allegation contained in paragraphs 1 through 22 above.

24.     Plaintiff was and is a qualified individual with a disability within the meaning of the Rehabilitation Act of 1973.  At all relevant times, plaintiff had a physical disability in the nature of blindness, which limited her major life activities, including but not limited to seeing.

25.     Defendant intentionally engaged in illegal employment practices and policies that discriminated against plaintiff because of his disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*

26.     As a direct an proximate result of Defendant's actions, Plaintiff has suffered loss of pay, salary, and benefits, pre-judgment interest and reasonable attorney's fees and costs.

27.     As a further result of Defendant's actions, Plaintiff has suffered and continues to suffer and will continue to suffer in the future from physical, mental and emotional distress, loss of self-esteem, loss of the enjoyment of life and related injuries of a similar nature.

## JURY DEMAND

28.     Plaintiff Jensen demands a trial by jury pursuant Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Meleah Jensen respectfully requests that this Court to:

a.  Declare that the Defendant has intentionally violated Plaintiff Jensen's rights under the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*

b.  Reinstatement or front pay;

c.  Compensatory damages as provided by law; and punitive damages; and Such other and future relief as may seem just and equitable to this Court.

d.  Award Plaintiff Jensen's her attorney's fees and costs, pursuant to 42 U.S.C. § 12205 or as otherwise authorized by law.

e.  Award Plaintiff Jensen pre- and post-judgment interest to the extent authorized by law.

Dated this 20th day of November, 2003

Respectfully Submitted:

Scott C. LaBarre (# 25495)
1660 South Albion, Suite 918
Denver, Colorado 80222
Phone:  303-504-5979
Fax:  303-757-3640
slabarre@interfold.com

Attorney for Meleah Jensen